UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAL JAMES ELLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKE OBENLAND, SGT. MAYBRE, SGT. SCHNEIDER, CORRECTIONS OFFICER CORNISH,<br><br>　　　　　Defendants. | CASE NO. C14-6010 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>JANUARY 23, 2015 |

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    The case is currently before the Court for initial screening pursuant to 28 U.S.C. § 1915A. The Court recommends dismissal of the action before service because plaintiff cannot state a claim of a constitutional violation regarding loss or damages to property when the state provides an adequate remedy. Washington State allows for suit in state court after a person has gone through the state's tort claim process.

REPORT AND RECOMMENDATION - 1

FACTS

Plaintiff names as defendants the Superintendent of the Clallam Bay Corrections Center, two corrections sergeants, and a corrections officer who all work at that facility (Dkt. 1-1). Plaintiff alleges that items from his personal property are either missing or have been broken by the sergeants and correctional officer (Dkt. 1-1). Plaintiff names Superintendent Obenland as a defendant because he hired the other defendants (Dkt. 1-1).

DISCUSSION

To state a claim pursuant to 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Id*. at 325. Leave to amend is not necessary if it is

clear that the deficiencies in the complaint cannot be cured by amendment. *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees by allowing for a suit in Superior Court once a person has completed the state's tort claim process. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (1986). Therefore, plaintiff's complaint fails to state a claim. Accordingly, the Court recommends dismissal of this action prior to service and revocation of in forma pauperis status for the purpose of appeal. The Court also recommends that this dismissal count as a strike pursuant to 28 U.S.C. 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 23, 2015, as noted in the caption.

Dated this 29th day of December, 2014.

J. Richard Creatura
United States Magistrate Judge